IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| RANDY WILLIAMS, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:21-cv-00067 |
| | ) |
| GRADY PERRY, Warden, *et al.*, | ) JUDGE CAMPBELL |
| | ) MAGISTRATE JUDGE HOLMES |
| Defendants. | ) |

**MEMORANDUM OPINION**

Randy Williams, an inmate of the South Central Correctional Facility (SCCF) in Clifton, Tennessee, filed this pro se, in forma pauperis action under 42 U.S.C. § 1983 against SCCF Warden Grady Perry; SCCF Assistant Wardens f/n/u Carter and f/n/u Dodd; HSAs[1] f/n/u Rodela, f/n/u Garner, and f/n/u Lacomb; Nurses Risner, Hunt, and Reaves; Doctor Bishop; Sergeant f/n/u Corkhum; and Grievance Chairperson f/n/u Pevahouse, alleging violations of Plaintiff's civil rights. (Doc. No. 1).

The complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

**I. PLRA SCREENING STANDARD**

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a

---

[1] Although Plaintiff does not state in his complaint, it is likely this acronym stands for "Health Services Administrator."

1

governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). *Id.* § 1915A(b).

The court must construe a pro se complaint liberally, *United States v. Smotherman*, 838 F.3d 736, 739 (6th Cir. 2016) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and accept the plaintiff's factual allegations as true unless they are entirely without credibility. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with pro se complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## II. SECTION 1983 STANDARD

Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under Section 1983, a plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Dominguez v. Corr. Med. Servs.,* 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Sigley v. City of Panama Heights*, 437 F.3d 527, 533 (6th Cir. 2006)); 42 U.S.C. § 1983.

## III. ALLEGED FACTS

The complaint concerns events that allegedly occurred, and are occurring, during Plaintiff's confinement at SCCF in Clifton, Tennessee. Plaintiff filed grievances about these events. In

response to one of Plaintiff's grievances, Grievance Chairperson Pevahouse recommended that Plaintiff receive his medication or be sent for outside treatment for his eye condition. Plaintiff has not received a response to his second grievance, which he gave to Counselor Kovanch and Unit Manager Pugh, neither of which are named as Defendants to this action.

The complaint alleges that Plaintiff suffers from a tumor in his head as well as glaucoma. As a result of these conditions, his face and eyes are severely swollen and he experiences extreme pressure in his head and behind his eye sockets.

On January 20, 2021, Nurses Brewer and Reaves refused to give Petitioner the medication Diamox prescribed to Plaintiff by an "outside medical eye doctor that [Plaintiff] was taken to see." (Doc. No. 1 at 5). The nurses threatened to send Plaintiff "to the Compound" if he did not exit the medication line. (*Id.*)

On February 25, 2021, Plaintiff went to the main medical clinic at SCCF "for extremely sharp shooting pains through his eyes from not having the medication that was prescribed to him." (*Id.*) Dr. Bishop told Plaintiff that "there is nothing that they could do for [Plaintiff]" at SCCF and that he needed to be transferred to the Lois DeBerry Special Needs Facility ("DeBerry"). (*Id.*)

On February 26, 2021, Plaintiff was sent to the Eye Specialty Group in Memphis, Tennessee, where the doctor gave Plaintiff several bottles of medicine for his eyes to reduce the swelling and inflammation. However, "the medical department . . . at SCCF and HSA Rodela" refused to give Plaintiff all the bottles, claiming that only one bottle was sent from the outside eye doctor. (*Id.* at 6).

On February 28, 2021, Nurse Reaves and HSA Rodela refused to provide Plaintiff with the medication sent by the outside eye doctor. Instead, Rodela treated Plaintiff with Atropine, which Plaintiff says led to a serious allergic reaction, "causing [his] eyes to swell severely shut to the

3

Case 1:21-cv-00067   Document 5   Filed 11/16/21   Page 3 of 15 PageID #: 35

point of them running uncontrollably with fluid, which made [his] eyes worse than what they were." (*Id*.)

From March 4, 2021 to March 6, 2021, Plaintiff told Nurses Risner and Reaves that Plaintiff was out of his eye medication but the nurses refused to provide Plaintiff with any medication. Instead, they threatened to have him written up or taken to segregation.

On March 8, 2021, Dr. Bishop told the SCCF medical staff, including HSAs Garner and Rodela, that Plaintiff needed to be transferred to DeBerry where he could get the "proper" medical treatment for his condition. (*Id*. at 7). Dr. Bishop stated that Plaintiff's condition had worsened and that Plaintiff needed emergency surgery.

On April 4, 2021, HSA Garner told Plaintiff that he would not be receiving Diamox anymore because "it wasn't necessary." (*Id*.) However, Dr. Bishop told HSA Garner that Plaintiff needed the medication and a transfer to DeBerry. HSA Garner stated that she would not send Plaintiff to DeBerry and walked out. The "Medical Department" refuses to call Dr. Bishop and notify him that Plaintiff still needs the Diamox. (*Id*.)

On April 19, 2021, Plaintiff was experiencing dizziness and head pains and his eyes swelled shut. He asked Sergeant Corkhum to call medical, and an unidentified individual in the medical department told Sergeant Corkhum that Plaintiff would have to wait approximately two hours to be seen. Plaintiff asked Sergeant Corkhum to help him with the emergency medical situation and Sergeant Corkhum refused. Another inmate implored Sergeant Corkhum to help Plaintiff, but Sergeant Corkhum took no action. Plaintiff then collapsed on the floor, hitting his head against the wall and knocking himself unconscious. An unspecified nurse came and administered two doses of Narcan to Plaintiff, even though another inmate told the nurse that

4

Case 1:21-cv-00067   Document 5   Filed 11/16/21   Page 4 of 15 PageID #: 36

Plaintiff had not taken any drugs. Plaintiff was taken to medical and kept there until April 23, 2021; however, no one checked on Plaintiff during his medical stay.

On July 28, 2021, Plaintiff was sent to the Eye Specialist Medical Group in Memphis for eye surgery. Dr. Smith, the doctor who would be performing the surgery, told Plaintiff that no one had notified Dr. Smith that Plaintiff was coming and his surgery would need to be rescheduled. After examining Plaintiff, Dr. Smith stated that Plaintiff needed emergency surgery because there was a risk Plaintiff could lose his eyesight due to his worsening condition. Plaintiff did not have the surgery that day, however.

From August 16, 2021, forward, Plaintiff has continued to seek an appointment for the needed eye surgery.

On September 20, 2021, Plaintiff asked Nurse Risner about his eye medication. Ms. Tripp told Nurse Risner that she was adjusting Plaintiff's medication. Plaintiff also contacted Ms. Pugh, who contacted Ms. Garner and Ms. Tripp, about Plaintiff's surgery appointment and medication. Plaintiff still has not received his medication or surgery. His condition has continued to deteriorate.

As relief, Plaintiff seeks compensatory, punitive, and nominal damages as well as injunctive relief against all named Defendants. He asks to be transferred to DeBerry and to be scheduled for his eye surgery.

## IV. ANALYSIS

The complaint alleges claims against twelve individual Defendants. Each individual Defendant is sued in his or her individual and official capacities.

### A. Failure to Respond to Grievances by Defendants Corkhum, Risner, Dodd, Brewer, and Reaves

The complaint alleges that several Defendants failed to respond to Plaintiff's grievances. However, prisoners do not have a constitutionally protected liberty interest in an inmate grievance

procedure. *See e.g., Hursey v. Anderson*, No. 16-1146, 2017 WL 3528206, at *2 (6th Cir. Mar. 31, 2017) (explaining that "a prisoner has no constitutional right to an effective prison grievance procedure"); *Crockett v. Davidson Cty. Sheriff's Dep't*, No. 3:19-cv-00545, 2019 WL 5592546, at *3 (M.D. Tenn. Oct. 30, 2019). An inmate who is dissatisfied with the responses to his grievances fails to state a claim upon which relief can be granted. *See Proctor v. Applegate,* 661 F. Supp.2d 743, 766 (E.D. Mich. 2009); *George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007) ("Ruling against a prisoner on an administrative complaint does not cause or contribute to the [constitutional] violation."); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (official's failure to process inmates' grievances, without more, is not actionable under section 1983); *Greer v. DeRobertis*, 568 F. Supp. 1370, 1375 (N.D. Ill. 1983) (prison officials' failure to respond to grievance letter violates no constitutional or federal statutory right). *See also Rizzo v. Goode*, 423 U.S. 362, 371 (1976) (to establish the liability of any individual defendant, the plaintiff must show that that particular defendant was personally involved in the activities giving rise to the plaintiff's claims); *Murphy v. Grenier*, 406 F. App'x 972, 974 (6th Cir. 2011) ("Personal involvement is necessary to establish section 1983 liability."). Thus, Plaintiff's grievance-based claims against all individual Defendants must be dismissed.

B.  **Verbal Threats by Defendants Brewer, Reaves, Dodd, and Risner**

The complaint alleges that Nurses Brewer, Reaves, Todd, and Risner threatened to reprimand and punish Plaintiff when he sought treatment and medication for his eye condition. However, while the Court does not condone such behavior, allegations of verbal harassment and verbal abuse by jail officials toward an inmate do not constitute cruel and unusual punishment within the meaning of the Eighth Amendment and thus do not rise to a constitutional violation. *See e.g., Jones Bey v. Johnson*, 248 F. App'x 675, 677-78 (6th Cir. 2007) (finding no Eighth Amendment violation for prison guard's "use of racial slurs and other derogatory language");

6

*Johnson v. Unknown Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004) ("harassment and verbal abuse . . . do not constitute the type of infliction of pain that the Eighth Amendment prohibits"); *Johnson v. Moore*, 7 F. App'x 382, 384 (6th Cir. 2001) ("Allegations of verbal harassment and verbal abuse by prison officials toward an inmate do not constitute punishment within the meaning of the Eighth Amendment. Nor do allegations of verbal harassment raise to the level of unnecessary and wanton infliction of pain proscribed by the Eighth Amendment."); *Ivey v. Wilson*, 832 F.2d 950, 954-55 (6th Cir. 1987) (per curiam) (holding that verbal abuse or harassment does not constitute punishment under the Eighth Amendment).

Thus, with respect to Defendants' alleged verbal threats toward Plaintiff, the complaint fails to state Eighth Amendment cruel and unusual punishment claims upon which relief can be granted, and those claims will be dismissed.

**C.     Denial of Medical Care by Defendants Nurse Brewer, Nurse Reaves, Dr. Bishop, HSA Rodela, HSA Garner, Sergeant Corkhum, and Nurse Risner**

The primary claim of the complaint is that several Defendants refused to provide Plaintiff with appropriate or any medical care for his eye condition and, as a result, Plaintiff's eye condition has worsened, and continues to worsen. Plaintiff fears that he will lose his eyesight without surgery.

The Eighth Amendment to the United States Constitution requires that inmates be provided with reasonably adequate food, clothing, shelter, sanitation, recreation, and medical care. *See Farmer*, 511 U.S. 825, 832; *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984); *Grubbs v. Bradley*, 552 F. Supp. 1052, 1119-24 (M.D. Tenn. 1982). That is because "[t]he Eighth Amendment to the United States Constitution imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be 'barbarous,' nor may it contravene society's 'evolving standards of decency.'" *McKissic v Barr*, No. 1:20-cv-526, 2020 WL 3496432, at *3

(W.D. Mich. June 29, 2020) (quoting *Rhodes*, 452 U.S. 337, 345-46); *see also Bellamy v. Bradley*, 729 F.2d 416, 419 (6th Cir. 1984). Under the Eighth Amendment, prison officials cannot engage in conduct that causes the "unnecessary and wanton infliction of pain." *Ivey*, 832 F.2d 950, 954 (quoting *Rhodes*, 452 U.S. at 346).

Deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. *See Estelle*, 429 U.S. 97, 104; *Brooks v. Celeste*, 39 F.3d 125, 127 (6th Cir. 1994) (same). A claim of deliberate indifference to a prisoner's medical needs under the Eighth Amendment has both an objective and subjective component. *Rouster v. Cnty. of Saginaw*, 749 F.3d 437, 446 (6th Cir. 2014).

A plaintiff satisfies the objective component by alleging that the prisoner had a medical need that was "sufficiently serious." *Id.* (quoting *Farmer*, 511 U.S. at 834). As the Sixth Circuit has recognized, "[s]ometimes this inquiry is a simple one. For example, because a serious medical condition carries with it a serious medical need, when prison officials fail to provide treatment for an inmate's serious medical condition, the inmate has endured an objectively serious deprivation." *Rhinehart v. Scutt*, 894 F.3d 721, 737 (6th Cir. 2019) (citing *Blackmore v. Kalamazoo Cty.*, 390 F.3d 890, 896-899 (6th Cir. 2004); *Leavitt v. Corr. Med. Servs., Inc.*, 645 F.3d 484, 500 (1st Cir. 2011); *Smith v. Carpenter*, 316 F.3d 178, 185-86 (2d Cir. 2003)). "[W]hen an inmate had a medical need 'diagnosed by a physician as mandating treatment,' the plaintiff can establish the objective component by showing that the prison failed to provide treatment, *Blackmore*, 390 F.3d at 897 (quoting *Gaudreault v. Municipality of Salem*, 923 F.2d 203, 208 (1st Cir. 1990) ), or that it provided treatment 'so cursory as to amount to no treatment at all,' *Dominguez v. Correctional Med. Servs.*, 555 F.3d 543, 551 (6th Cir. 2009) (quoting *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 843 (6th Cir. 2002) .

8

A plaintiff satisfies the subjective component "by alleging facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." *Rouster*, 749 F.3d 437, 446. Deliberate indifference "entails something more than mere negligence," *Farmer*, 511 U.S. at 835, but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id*.

Under these standards, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle*, 429 U.S. at 106; *Rhinehart*, 894 F.3d 721, 738 ("A doctor's errors in medical judgment or other negligent behavior do not suffice to establish deliberate indifference."). Instead, the plaintiff must show that each defendant acted with a mental state "equivalent to criminal recklessness." *Santiago*, 734 F.3d at 591 (citing *Farmer*, 511 U.S. at 834, 839-401970). This showing requires proof that each defendant "subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk" by failing to take reasonable measures to abate it. *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001) (citing *Farmer*, 511 U.S. at 837).

In addition, the Sixth Circuit distinguishes "between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). That is because "[a] doctor is not liable under the Eighth Amendment if he or she provides reasonable

9

Case 1:21-cv-00067   Document 5   Filed 11/16/21   Page 9 of 15 PageID #: 41

treatment, even if the outcome of the treatment is insufficient or even harmful." *Rhinehart*, 894 F.3d 721, 738 (citing *Farmer*, 511 U.S. at 844). Where "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake,* 537 F.2d at 860. As the Sixth Circuit has explained, "[t]hat is not to say that a doctor is immune from a deliberate-indifference claim simply because he provided 'some treatment for the inmates' medical needs.' But there is a high bar that a plaintiff must clear to prove an Eighth Amendment medical-needs claim: The doctor must have 'consciously expos[ed] the patient to an excessive risk of serious harm.'" *Rhinehart*, 894 F.3d 721, 738-39 (quoting *Richmond*, 885 F.3d at 940) (citation and internal quotation marks omitted).

Here, the complaint alleges that Plaintiff suffers from a tumor in his head as well as glaucoma and, consequently, experiences facial and eye swelling as well as head and eye pain. For purposes of the required PLRA screening, the Court finds that these conditions constitute sufficiently serious medical needs to satisfy the objective component of Plaintiff's Eighth Amendment claims. *See Rouster*, 749 F.3d at 446; *Watkins v. Quality Correctional Health Care,* No. 19-1250-JDT-cgc, 2020 WL 4677524, at *3 (E.D. Tenn. Aug.12, 2020) (finding a brain tumor to be qualify as a serious medical need); *Washington v. Bennett-Baker*, No. 6:14-172-GFVT, 2015 WL 5768959, at *4 (E.D. Ky. Sept. 30, 2015) (finding plaintiff's glaucoma to be "sufficiently serious" to implicate the Eighth Amendment).

Now the Court turns to the subjective component. The complaint names several Defendants who allegedly denied medical care to Plaintiff: Nurse Brewer, Nurse Reaves, Dr. Bishop, HSA Rodela, HSA Garner, Sergeant Corkhum, and Nurse Risner. The Court must consider whether the

complaint alleges that each Defendant acted with deliberate indifference to Plaintiff's serious medical needs.

Plaintiff acknowledges that he received some medical treatment for his tumor and eye problems from Dr. Bishop and HSA Rodela. Plaintiff also was transported for care by an outside eye doctor. However, the complaint alleges that, although two of Plaintiff's doctors agreed that emergency surgery is needed, the named Defendants, excluding Dr. Bishop, elected to treat Plaintiff's conditions with medication, albeit not the medication prescribed by the outside eye doctor, while Plaintiff's condition deteriorated. Even though federal courts generally are reluctant to second guess medical judgments where a prisoner has received some medical attention, *Westlake,* 537 F.2d 857, 860 n.5, "[w]hen the need for medical treatment is obvious, medical care which is so cursory as to amount to no treatment at all may amount to deliberate indifference." *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 843 (6th Cir. 2002) (quoting *Mandel v. Doe*, 888 F.2d 783, 789 (11th Cir. 1989)).

Further, the complaint alleges that Nurses Brewer, Reaves, and Risner as well as HSAs Rodela and Garner refused to give Plaintiff the medication prescribed by the outside doctor and endorsed by Dr. Bishop. Rodela allegedly refused to give Plaintiff the medication prescribed by the outside doctor even after Rodela became aware that the alternative medication she administered to Plaintiff made him very sick. In *Darrah v. Krisher*, the Sixth Circuit held that "the question of whether it was reasonable to continue to keep [the inmate] on a drug that had proven ineffective and whether that course of treatment constituted deliberate indifference is a question best suited for a jury." 865 F.3d 361, 370 (6th Cir. 2017). Even a two-week period of failing to provide effective treatment may be sufficient to support a deliberate indifference claim if the ineffectiveness of the treatment and the seriousness of the inmate's medical need are known. *See*

*id.* at 371.The complaint also contends that Rodela deliberately ignored Dr. Bishop's explicit instructions to give Plaintiff Diamox and transfer Plaintiff to DeBerry. Further, the complaint alleges that some of named Defendants threatened Plaintiff with punishment if he continued to seek his medication. The alleged behavior of these Defendants could be viewed as showing that each defendant "subjectively perceived facts from which to infer substantial risk" to Plaintiff, given his known medical conditions and needs, "that he [or she] did in fact draw the inference, and that he [or she] then disregarded that risk" by failing to take reasonable measures to abate it. *Comstock*, 273 F.3d 693, 703.

Thus, viewing the complaint in the light most favorable to Plaintiff, as the Court must at this initial stage, the Court finds that Plaintiff states colorable claims for denial of needed medical attention that, in light of the seriousness of Plaintiff's tumor and eye condition, presented an excessive risk to Plaintiff's health, a risk known and disregarded by Defendants Brewer, Reaves, Rodela, Garner, and Risner. Plaintiff's Eighth Amendment claims against these Defendants in their individual capacities will be allowed to go forward for further development of the record. *Cf. Bovin Belskis v. DT Developers, Inc.,* No. 1:15-cv-00091-JAW, 2016 WL 5395833, at *13 (D. Me. Sept. 27, 2016) (declining to dismiss Eighth Amendment claim against nurses at pleading stage, despite lack of specificity in allegations against individual nurses and finding it reasonable to infer that each nurse was deliberately indifferent based on allegation of delay in diabetic inmate's wound care during which the nurses continued to treat foot wound with dressing changes and saline cleaning "even when Mr. Belskis presented a foot that was swollen and extremely firm and hot").

Plaintiff has not stated an Eighth Amendment deliberate claim against Dr. Bishop. The complaint consistently alleges that Dr. Bishop treated Plaintiff attentively, even though his

recommendations were ignored by other members of Plaintiff's medical team at SCCF. Plaintiff's individual and official capacity claims against Dr. Bishop will be dismissed.

With respect to Sergeant Corkhum, the complaint alleges he contacted the medical department when Plaintiff presented with dizziness, head pain, and swollen eyes and that Corkhum took no action when someone in the medical department told him that Plaintiff could not been seen for two hours. These allegations do not sufficiently allege that "subjectively perceived facts from which to infer substantial risk to" Plaintiff and that "he did in fact draw the inference, and that he then disregarded that risk." *Rouster*, 749 F.3d 437, 446. The complaint therefore fails to state an Eighth Amendment deliberate claim against Defendant Corkhum in his individual and official capacities.

Next, Plaintiff also sues Nurse Brewer, Nurse Reaves, HSA Rodela, HSA Garner, and Nurse Risner in their official capacities. "[I]ndividuals sued in their official capacities stand in the shoes of the entity they represent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). The named Defendants are all alleged to be CoreCivic employees. Plaintiff's official claims against these Defendants, therefore, are essentially claims against CoreCivic itself. *See Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) Because it "performs the traditional state function of operating a prison," CoreCivic "acts under the color of state law for purposes of § 1983." *Thomas v. Coble*, 55 F. App'x 748, 748 (6th Cir. 2003) (citing *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996)). To state a claim against CoreCivic, the plaintiff must allege that his "'constitutional rights were violated and that a policy or custom' of [CoreCivic] 'was the moving force behind the deprivation of [his] rights." *Savoie v. Martin*, 673 F.3d 488, 494 (6th Cir. 2012) (quoting *Miller v. Sanilac Cnty.*, 606 F.3d 240, 255 (6th Cir. 2010)).

Here, Plaintiff makes no allegation regarding a "policy or custom" of CoreCivic contributing to or causing the denial of his medical treatment. Thus, Plaintiff fails to state official capacity claims against Nurse Brewer, Nurse Reaves, HSA Rodela, HSA Garner, and Nurse Risner. These claims will be dismissed.

**D.    Other Defendants Named in Complaint**

Although Plaintiff names SCCF Warden Perry, SCCF Assistant Wardens Carter and Dodd, Nurse Hunt, and HSA Lacomb as Defendants, the complaint contains no allegations at all regarding these Defendants. It is a basic pleading essential that a plaintiff must attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 544 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). The Sixth Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (citing *Terrance v. Northville Reg'l Psych. Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002)). Where a person is named as a defendant without an allegation of specific conduct, the claim against that person is subject to dismissal, even under the liberal construction afforded to pro se complaints. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant) (citing *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are

without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries."). Thus, Plaintiff's individual and official claims against Perry, Carter, Dodd, Hunt, and Lacomb will be dismissed for failure to state Section 1983 claims upon which relief can be granted.

## V. CONCLUSION

Having screened the complaint pursuant to the PRLA, the Court finds that the complaint states colorable Eighth Amendment deliberate indifference claims under Section 1983 against Defendants Brewer, Reaves, Rodela, Garner, and Risner in their individual capacities. These claims will proceed for further development.

All other claims and named Defendants will be dismissed.

An appropriate Order will be entered.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE