IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

RANDY WILLIAMS )
)
v. ) NO. 1:21-cv-00067
)
GRADY PERRY, et al. )

**TO:** Honorable William L. Campbell, Jr., United States District Judge

### R E P O R T   A N D   R E C O M M E N D A T I O N

By Order entered November 16 (Docket Entry No. 6), the Court referred this prisoner civil rights action to the Magistrate Judge for pretrial proceedings. Pending before the Court is the motion for summary judgment filed by Defendants Elaina Rodela, Jammie Garner, and Lareia Pitts (Docket Entry No. 38), to which Plaintiff has not filed a response. For the reasons set out below, the undersigned respectfully recommends that the motion be granted, that two unserved Defendants be dismissed, and that this action be dismissed in its entirety.

### I. BACKGROUND

Randy Williams ("Plaintiff") is an inmate of the Tennessee Department of Correction ("TDOC") who is confined at the South Central Correctional Facility ("SCCF") in Clifton, Tennessee. He filed this *pro se* and *in forma pauperis* lawsuit on November 1, 2021, seeking relief against several defendants under 42 U.S.C. § 1983 based on allegations that he has received inadequate medical care at the SCCF. *See* Complaint (Docket Entry No. 1).

Plaintiff suffers from significant medical problems, including a tumor in his head, glaucoma, and eye maladies. As a result of these conditions, his face and eyes are susceptible to

severe swelling and he experiences extreme pressure in his head and behind his eye sockets. To treat these conditions, Plaintiff undergoes examination by SCCF medical staff and by outside medical providers and receives several different kinds of prescribed medications and eye drops. In his complaint, he sets out various problems that he has experienced at the SCCF concerning his medications, such as not being provided with all the medications that he was prescribed, not having medications timely refilled, and not being given the quantities that he was supposed to receive. He also complains about not being taken for an eye surgery that he contends an outside consultant stated was needed and generally being ignored when he complains about his eye problems and medical treatment at the SCCF.

Upon initial review under 28 U.S.C. §§ 1915(e)(2) and 1915A, the Court found that Plaintiff asserted a colorable claim that the alleged denial of medical care violated his Eighth Amendment rights. *See* Memorandum Opinion (Docket Entry No. 5) at 7-12. This claim was allowed to proceed against five Defendants in their individual capacities only: SCCF prison physician Elaina Rodela ("Rodela"); SCCF Health Services Administrator Jammie Garner ("Garner"); and SCCF nurses Lareia Pitts ("Pitts"),[1] Rita Reaves ("Reaves), and Heather Brewer ("Brewer"). *Id*. at 12. All other claims and defendants were dismissed. *Id*.

Defendants Rodela, Garner, and Pitts filed an answer (Docket Entry No. 16) and a scheduling order was entered providing for a period of pretrial activity in the action. *See* Docket Entry No. 19. Because process was returned unexecuted for Defendants Reaves and Brewer, with notations that they "were no longer employed," the Court granted Plaintiff additional time to return

---

[1] Defendant Pitts was identified by Plaintiff in his complaint as "Nurse Risner."

new service packets for them. *See* Order entered December 27, 2021 (Docket Entry No. 18). Plaintiff failed to provide a new address for them, however, and neither Defendant Reeves nor Brewer has been served with process. There are no motions pending in the case other than Defendants' motion for summary judgment. A trial has not yet been scheduled.

## II. MOTION FOR SUMMARY JUDGMENT

On September 29, 2022, Defendants filed the pending motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. Defendants first argue that Plaintiff did not exhaust his available administrative remedies at the SCCF prior to filing his lawsuit because neither of the two grievances filed by Plaintiff about his medical care identified them as being responsible for any of the grieved actions. Defendants further assert that some of the events about which he now complains were not a part of those two grievances. Defendants argue that Plaintiff's claim is therefore subject to dismissal under the Prison Litigation Reform Act of 1996 ("PLRA"), 42 U.S.C. § 1997e for failure to exhaust. Second, Defendants argue that there is no evidence showing that Plaintiff's medical needs were not attended to and no evidence that they personally acted with deliberate indifference toward Plaintiff with respect to his medical needs. To the contrary, Defendants assert that the undisputed evidence shows that Plaintiff was regularly seen by medical staff, was taken for outside medical consultation, and was routinely provided with prescribed medications for his conditions. *See* Memorandum in Support of Motion for Summary Judgment (Docket Entry No. 38-1). Defendants support their motion with: (1) a statement of undisputed material facts (Docket Entry No. 38-2); the declarations of Defendants Garner (Docket Entry No. 38-3) and Pitts (Docket Entry No. 38-5); (3) the declaration, and medical records attached thereto, of Defendant Rodela (Docket Entry No. 38-6); (4) the declaration, and exhibits

3

attached thereto, of SCCF Grievance Chairperson Heather Kelley (Docket Entry No. 38-4); and, (5) Plaintiff's responses to written discovery requests (Docket Entry No. 38-7).

Plaintiff was notified of the motion, informed of the need to respond, and given an extended deadline of November 19, 2022, to file a response. *See* Order entered October 4, 2022 (Docket Entry No. 39). Plaintiff was specifically warned that his failure to file a timely response could result in the dismissal of the action. Despite being given significantly more time to file a response than is provided for by the Local Rules, Plaintiff has not filed a response of any kind to the motion.

### III. STANDARD OF REVIEW

A motion for summary judgment is reviewed under the standard that summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a) of the Federal Rules of Civil Procedure. *See also Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986). A "genuine issue of material fact" is a fact which, if proven at trial, could lead a reasonable jury to return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party has the burden of showing the absence of genuine factual disputes from which a reasonable jury could return a verdict for the non-moving party. *Anderson*, at 249-50. Once the moving party has presented evidence sufficient to support a motion for summary judgment, the non-moving party must present significant probative evidence to support the complaint. *Goins v. Clorox Co.*, 926 F.2d 559, 561 (6th Cir. 1991). In considering whether summary judgment is appropriate, the Court must "look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial." *Sowards v. Loudon Cnty.*, 203 F.3d 426, 431 (6th Cir.), *cert. denied*, 531 U.S. 875 (2000). The Court must view the evidence and all

4

inferences drawn from underlying facts "in the light most favorable to the party opposing the motion." *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., Ltd.*, 475 U.S. 574, 587 (1986); *Gribcheck v. Runyon*, 245 F.3d 547, 550 (6th Cir.), *cert. denied*, 534 U.S. 896 (2001).

## IV. CONCLUSIONS

A. Exhaustion of Administrative Remedies

Pursuant to 42 U.S.C. § 1997e(a) of the PLRA, a prisoner asserting an action with respect to prison conditions under 42 U.S.C. § 1983 must first exhaust all available administrative remedies before filing a lawsuit about the conditions. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002). If there is a grievance procedure available to inmates, the prisoner plaintiff must present his grievance through "one complete round" or through all the steps of the administrative grievance procedure in order to satisfy the exhaustion requirement. *See Thomas v. Woolum*, 337 F.3d 720, 733 (6th Cir. 2003), *abrogated on other grounds*, *Woodford v. Ngo*, 548 U.S. 81 (2006); *Hartsfield v. Vidor*, 199 F.3d 305, 306 (6th Cir. 1999). The failure of a prisoner plaintiff to satisfy the exhaustion requirement is an affirmative defense that a defendant must raise and prove. *Jones v. Bock*, 549 U.S. 199, 216 (2007). Once the defense of failure to exhaust is raised and supported, the burden is on the prisoner plaintiff to present evidence showing that he has complied with the PLRA's requirement of exhaustion. *See Napier v. Laurel Cnty., Ky.*, 636 F.3d 218, 225 (6th Cir. 2011).

B. Eighth Amendment Standards

The government has a constitutional obligation to provide medical care for the individuals it incarcerates, and "deliberate indifference to the serious medical needs of a prisoner constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." *Estelle v.*

5

*Gamble*, 429 U.S. 97, 103 (1976). A claim for deliberate indifference to a prisoner's serious medical needs has both a subjective and an objective component. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001). Although this standard does not require a showing that the Defendant acted with a purpose or intent to inflict harm, the standard is nonetheless a high standard and is not satisfied by a showing of negligence. *See Estelle*, 429 U.S. at 105 ("[A]n inadvertent failure to provide adequate medical care cannot be said to constitute" a violation of the Eighth Amendment); *Comstock*, 273 F.3d at 703. Plaintiff must show more than medical malpractice or negligence on the part of Defendant because the subjective requirement acts "to prevent the constitutionalization of medical malpractice claims." *Comstock*, 273 F.3d at 703. *See Estelle*, 429 U.S. at 105; *Walker v. Norris*, 917 F.2d 1449, 1454 (6th Cir. 1990); *Roberts v. City of Troy*, 773 F.2d 720, 724 (6th Cir. 1985).

C.  Plaintiff's Claim and Summary Judgment

Although the allegations in Plaintiff's complaint were sufficient to permit the case to survive initial frivolity review and to have process issued, Plaintiff has not responded to the arguments for summary judgment made by Defendants in their dispositive motion, has not responded to Defendants' statement of undisputed facts as required by Local Rule 56.01(f),[2] and has not set forth any evidence supporting his claims.

When a motion for summary judgment is properly supported under Rule 56, such as Defendants' motion here, the non-moving party may not merely rest on the allegations contained

---

[2] Local Rule 56.01(f) provides that Plaintiff's failure to respond to Defendants' statement of undisputed facts shall deem the asserted facts to be undisputed for the purposes of summary judgment. Accordingly, the Court is permitted to rely upon the facts set forth by Defendants as the undisputed facts.

6

Case 1:21-cv-00067   Document 40   Filed 01/12/23   Page 6 of 10 PageID #: 339

in the complaint, but must respond with affirmative evidence supporting his claims and establishing the existence of a genuine issue of material fact that requires that the action proceed to trial. *See Celotex Corp.*, 477 U.S. at 323-24; *Banks v. Wolfe Cnty. Bd. of Educ.*, 330 F.3d 888, 892 (6th Cir. 2003); *Chao v. Hall Holding Co., Inc.*, 285 F.3d 415, 424 (6th Cir. 2002). Plaintiff's *pro se* status does not relieve him of this obligation, which is a threshold requirement for all non-moving parties when summary judgment is sought by an opposing party. *Sixty Ivy St. Corp. v. Alexander,* 822 F.2d 1432, 1435 (6th Cir. 1987). The Court cannot supply or assume facts supporting Plaintiff's case and is not required to make legal arguments on his behalf. *See Thompson v. A.J. Rose Mfg. Co.*, 208 F.3d 215, 2000 WL 302998 (6th Cir. 2000); *Bell v. Tennessee*, 2012 WL 996560, *9 (E.D. Tenn. March 22, 2012). *See also Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 406 (6th Cir. 1992) ("it seems to us utterly inappropriate for the court to abandon its position of neutrality in favor of a role equivalent to champion for the non-moving party: seeking out facts, developing legal theories, and finding ways to defeat the motion.").

With respect to Defendants' failure to exhaust argument, Defendants have set forth evidence that the prison grievances Plaintiff filed did not complain about any action or non-action by Defendants. *See* Declaration of Kelley at ¶¶ 10-16; Statement of Undisputed Facts at ¶¶ 107-115. In the face of this evidence, Plaintiff must rebut Defendants' exhaustion defense by presenting "significant probative evidence" showing compliance with the PLRA. *See Napier*, *supra*. Plaintiff has not set forth any evidence meeting this burden and rebutting Defendants' contention that he failed to grieve his claims against Defendants prior to filing his lawsuit. Accordingly, Plaintiff's lawsuit must be dismissed because of his failure to comply with the mandatory exhaustion requirement of the PLRA.

The Court also finds that Defendants are entitled to summary judgment on the merits of Plaintiff's claim that he was not provided with constitutionally adequate medical care. Defendants have set forth unrebutted evidence that Plaintiff was not ignored as alleged, but was provided with a regular course of treatment for his eye maladies, and that Defendants acted appropriately toward Plaintiff with respect to his medical care. *See* Declarations of Rodela, Garner, and Pitts; Statement of Undisputed Facts at ¶¶ 5-99.

Plaintiff's claim is essentially based upon his displeasure with the manner or adequacy of the course of treatment he received. However, when a prisoner has received some medical attention and the dispute is over the adequacy of that care, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims that sound in state tort law. *Hill v. Jones*, 211 F.3d 1269 (6th Cir. 2000); *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). *See also Washington v. Stewart*, 2010 WL 4511015 (M.D. Tenn. Nov. 1, 2010) (Trauger, J.) (inmate who had bullet in his leg from prior incident did not support a constitutional claim based on allegations of inadequate pain medication and the refusal of an x-ray in light of evidence that prison physician gave him Motrin, assigned him to bottom bunk, and provided him with crutches). *Van v. Troutt*, 2010 WL 4007484 (M.D. Tenn. Oct. 12, 2010) (Campbell, J.) (inmate's allegations of inadequate treatment and mis-diagnosis of back injury were insufficient to state constitutional claim in light of medical care that was admittedly provided).

Although the care Plaintiff received at the Turney Center may not have been as far-reaching as the care he could have received had he not been incarcerated and had sought treatment on his own from private medical care providers, the Constitution does not guarantee that a prison inmate receive the "optimum or best medical treatment." *Ruiz v. Estelle*, 679 F.2d 1115, 1149 (5th Cir.

8

1982); *McMahon v. Beard*, 583 F.2d 172, 174 (5th Cir. 1978). Further, it is well settled that neither negligence nor medical malpractice will support a constitutional claim. *See Estelle*, 429 U.S. at 106; *Walker v. Norris*, 917 F.2d 1449, 1454 (6th Cir. 1990); *Roberts v. City of Troy*, 773 F.2d 720, 724 (6th Cir. 1985). Defendants' evidence, even when viewed in the light most favorable to Plaintiff, shows that he was not treated by Defendants with deliberate indifference to his serious medical needs.

Plaintiff is not entitled to a trial on his lack of medical care claim merely on the basis of allegations of his complaint. *Goins*, *supra.* He must buttress the allegations of his complaint with evidence supporting his claim. *Banks v. Wolfe Cnty. Bd. of Educ.*, 330 F.3d 888, 892 (6th Cir. 2003). Plaintiff has not done so with respect to his claim. Based on the evidence before the Court, no reasonable jury could find that Defendants acted in a manner that was inconsistent with Plaintiff's Eighth Amendment right to be free from deliberate indifference to his serious medical needs. *Estelle, supra*.

D. Defendants Brewer and Reaves

Rule 4(m) requires that a defendant be served with process within 90 days of the date the action is filed and provides that, in the absence of a showing of good cause by Plaintiff for why service has not been timely made, the Court "must dismiss" the action without prejudice. Because Defendants Brewer and Reaves have not been served with process within the time period set out in Rule 4(m), this action must be dismissed as to them.

## RECOMMENDATION

Based on the forgoing, it is respectfully RECOMMENDED that the motion for summary judgment filed by Defendants Elaina Rodela, Jammie Garner, and Lareia Pitts (Docket Entry No. 38) be GRANTED, that Defendants Heather Brewer and Rita Reaves (Reeves) be DISMISSED pursuant to Rule 4(m), and that this case be DISMISSED WITH PREJUDICE in its entirety.

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

    Respectfully submitted,

_____
BARBARA D. HOLMES
United States Magistrate Judge